IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CR. NO.: 1:06-611 |
| | ) | |
| v. | ) | |
| | ) | **NOTICE FILED PURSUANT** |
| JOHN HENRY STROMAN | ) | **TO RULE 404(b), F.R.Crim.P** |
| DEBRA ANDERSON FORD | ) | |
| | ) | |
| | ) | |
| | ) | |

The United States of America, through its undersigned Assistant United States Attorney, hereby gives notice to John Henry Stroman ("Stroman") and Debra Anderson Ford ("Ford") of its intent to use the additional following information as direct evidence of guilt; as evidence extrinsic to the crimes charged; and/or, pursuant to Fed. R. Evid. 404(b), or as evidence admissible pursuant to any other accepted legal theory:

(A) Evidence establishing that Stroman was on federal parole at the time of the instant offense until his capture by federal authorities in July 2006, including evidence that Stroman was wanted by authorities during times between the commission of the crime alleged in the Indictment and his eventual arrest;

(B) Evidence establishing that Stroman possessed a stolen vehicle during the commission of the crimes charged in the above-titled Indictment;

(C) Evidence relating to John Henry Stroman and Debra Anderson Ford's criminal record.

The United States asserts matter (a) and (b) does not implicate Rule 404(b) as it is: (1) evidence arising out of the same series of transactions as the charged offense and

"is necessary to complete the story of the crime," <u>United States v. Kennedy</u>, 32 F.3d 876, 885 (4th Cir. 1994); and (2) evidence inextricably intertwined with the charged crime, <u>United States v. Chin</u>, 83 F.3d 83, 88 (4th Cir. 1996). The act alleged in paragraph (b) concerns Stroman's possession of a vehicle used to as a getaway car from the scene of the robbery alleged in the Indictment. Further, the government will call at least two (2) witnesses to testify that Stroman possessed the stolen vehicle prior to the armed robbery alleged in the Indictment.

The act alleged in paragraph (a) relates to statements given by the defendant himself to government witnesses. As testified by one individual, the defendant made statements that he knew he was wanted on parole violation warrants and that, prior to surrendering himself on the warrants, he would rob a bank. The defendant, under questioning from SA Debbie Gordon, further indicated that he was not in South Carolina at the time of the robbery because he knew he was wanted by authorities on parole violation warrants. Thus, the defendant used his parole status and his flight from being arrested on violation warrants to serve as an alibi for the offense charged.

The United States believes the defendant has made his status as a parolee/probationer an issue at trial and one that is intertwined with the conduct charged. As such, matters alleged in paragraphs (a) and (b) similarly is necessary to complete the story of the crime and is inextricably intertwined in the charged conduct.

In addition, co-defendant Debra Anderson Ford was informed that arrest warrants had been issued for Stroman's arrest for bank robbery charges as well as parole

violations. In order to convict Ford of harboring a fugitive under Count 3 of the Indictment the United States must show that a federal warrant was issued for Stroman's arrest and that Ford knew of the issuance of such warrants. Thus, Stroman's status as a fugitive wanted for violations of parole as well as new criminal conduct is an element that the United States must prove to convict Ford.

The Government asserts the evidence set forth in (a), (b), and (c) would be admissible pursuant to Rule 404(b) and Rule 609, in the event the defendant(s) takes the stand in his/her own defense. In particular as to paragraph (c), the United States asserts the following convictions would be admissible:

1. As to John Henry Stroman

    a. DUI-4th Offense – Convicted on December 16, 2004

    b. Burglary – Convicted on July 3, 1986 with a sentence of 10 years

    c. Distribution of Heroin (2 counts) – Convicted on December 17, 1993 with a sentence of 3 years

    d. Possession With Intent to Distribute Marijuana – Convicted on September 28, 2001

    e. Armed Bank Robbery – incident occurred on February 2, 1978 – Stroman is still on federal parole for the offense – actions stemming from the conviction include parole revocations in October 1983; April 1999.

Further, it is the position of the United States that the following types of evidence

do not implicate Rule 404(b): If counsel argues that the evidence referred to in subparagraph (a) is Rule 404(b) evidence, and the Court agrees, then the United States will seek admission of the evidence based upon that theory or any other legally supported basis. Among other cases the government will rely upon, if necessary, are the following: United States v. Mohr, 318 F.3d 613 (4th Cir. 2003); United States v. Jackson, 280 F.3d 403 (4th Cir. 2002); United States v. Wells, 163 F.3d 889 (4th Cir. 1998); United States v. Boone, 759 F.2d 345 (4th Cir. 1985).

This notice is intended only to provide notice of the general nature of the evidence the government intends to introduce pursuant to Rule 404(b) or pursuant to any other legally accepted theory. Counsel for the Defendant may contact the undersigned Assistant United States Attorneys if there is any question concerning the nature and use of such evidence.

In summary, if any of the above evidence is not offered as direct evidence of guilt on the counts contained in the Indictment, or is determined by the Court to not be direct evidence of guilt as to any such count, or is determined to be Rule 404(b) evidence as to any count, then the government will seek admission of that evidence pursuant to Rule 404(b), or any other legally cognizable theory.

The United States reserves the right to amend this notice.

    Respectfully Submitted,

    REGINALD I. LLOYD
    UNITED STATES ATTORNEY

BY: s/ C. Todd Hagins
    C. Todd Hagins (Fed. ID. 9218)
    Assistant United States Attorney
    1441 Main Street, Suite 500
    Columbia, South Carolina 29201
    (803) 929-3014

January 18, 2007