UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Crim. No.: 1:06-611 (MBS) |
| | ) | |
| v. | ) | RESPONSE TO DEFENDANT'S |
| | ) | MOTION TO SUPPRESS DNA |
| JOHN HENRY STROMAN | ) | EVIDENCE |
| DEBRA ANDERSON FORD | ) | |

Comes now the United States, by and through its undersigned counsel, which respectfully files this response to Defendant John Henry Stroman's ("Stroman") Motion for Suppress DNA evidence. In support of its response the United States would argue as follows.

Stroman asserts that evidence demonstrating that he was a contributor of DNA on a cap found near the getaway vehicle observed leaving the Enterprise Bank in Salley, South Carolina on December 19, 2001 should be suppressed. Stroman indicates that he "was mislead concerning the whereabouts of said evidence." In addition, Stroman moves that the United States should not be permitted to offer testimony that Roger Stroman was excluded as a contributor of the DNA.

The United States would object that Stroman was "mislead" regarding the evidence. Prior to this Court's February 28, 2007, pre-trial conference Assistant United States Attorney Todd Hagins informed Stroman's counsel that he believed the DNA sample taken from the hat had been destroyed during the testing procedure that confirmed Stroman's DNA presence. AUSA Hagins indicated to Stroman's counsel, at the time, that the cap would be made available for any attempt by defense expert to locate additional DNA.

AUSA Hagins' presentation lead to Stroman filing a motion to exclude the DNA evidence because any sample was not subject to defense testing because it had been destroyed.

In preparation for the hearing on the motion, AUSA Hagins was informed that the DNA sample removed from the cap was at the F.B.I. office in Columbia, South Carolina. AUSA Hagins informed Stroman's counsel of the existence of the sample and its availibility, at the latest, at the February 28, 2007 hearing.

Although available, Stroman has not asked to have the evidence made available to him for independent testing in the intervening time period. The United States asserts that Stroman's argument lacks good faith to the extent that he has not attempted to utilize the time to test the evidence he now seeks to exclude.

The United States notes that in interviews with John Henry Stroman he indicated that he felt his brother Roger Stroman was responsible for the bank robbery. In support of his belief Stroman indicated that he believed the person in the bank surveillance photograph was his brother. John Henry Stroman further told law enforcement that his brother attempted to have him assist in the robbery of banks in rural areas.

Roger Stroman was excluded as a donor of the DNA found on the cap. The United States believes the information is relevant based upon John Henry Stroman's offering of his brother as the culprit in the bank robbery. The statements by the defendant evidence a consciousness of guilt in an attempt to falsely implicate another individual.

The United States believes the motion should be denied.

RESPECTFULLY SUBMITTED,

REGINALD I. LLOYD

s/ TODD HAGINS
Todd Hagins (Fed. ID. 9218)
Assistant United States Attorney