UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Crim. No.: 1:06-611 (MBS) |
| | ) | |
| v. | ) | RESPONSE TO DEFENDANT'S |
| | ) | MOTION TO SUPPRESS DNA |
| JOHN HENRY STROMAN | ) | EVIDENCE |
| DEBRA ANDERSON FORD | ) | |

Comes now the United States, by and through its undersigned counsel, which respectfully files this response to Defendant John Henry Stroman's ("Stroman") Motion to Suppress Video Evidence. Stroman only seeks to exclude the evidence based upon it being irrelevant under Rule 401, F.R.E.

The United States intends to call Dr. Richard W. Vorder Bruegge to testify regarding comparison of bank surveillance photographs captured from the December 19, 2001 robbery with known photographs of John Henry Stroman and Roger Stroman. Dr. Vorder Bruegge would testify that it is his expert opinion that the bank photograph does not depict Roger Stroman based on a number of observed areas of differences between the two subjects. Dr. Vorder Bruegge would also testify that the photograph of John Henry Stroman and the bank robber share a number of similarities. Ultimately, however, due to the lack of better resolution in the bank robbery photographs, Dr. Vorder Bruegge is unable say definitively that John Henry Stroman is the individual photographed in the bank.

Rule 401 defines "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Rule 401, F.R.E. Relevant evidence is admissible while irrelevant evidence is not. Rule 402, F.R.E.

The Fourth Circuit has previously noted that "the threshold for relevancy is relatively low." United States v. Van Metre, 150, F.3d 339, 349 (4th Cir. 1998). "Indeed, to be admissible, evidence need only be 'worth consideration by the jury,' or have a 'plus value.'" United States v. Leftenant, 341 F.3d 338, 346 (4th Cir. 2003).

Dr. Vorder Bruegge's testimony is relevant in a number of ways. First, he is able to exclude Roger Stroman as the individual in the photograph. This is a critical finding because, as the government notes throughout its motions in this case, John Henry Stroman informed law enforcement that his brother, Roger Stroman, was the individual who robbed the bank. John Henry Stroman informed law enforcement that his brother had asked him to assist in the robbing of banks in rural areas of South Carolina. Further, John Henry Stroman indicated to law enforcement that he believed the person depicted in the photograph was his brother.

Second, Dr. Vorder Bruegge's testimony notes that John Henry Stroman is not excluded. Further, he will testify to the number of similarities that Stroman shares with the bank robber depicted in the surveillance photographs. Dr. Vorder Bruegge will also explain the reasons why the photograph is of sufficient resolution to definitively state that the robber is John Henry Stroman.

As important, Dr. Vorder Bruegge will be able to assist the jury in its own comparison of the photographs between the bank robber and John Henry Stroman. Dr. Vorder Bruegge has technical expertise in photographic comparison and can inform the jury as to how a number of factors affect photographic comparison such as camera angles, camera resolutions, the interaction of light on a subject, the depth of the picture relevant to the distance the subject is to the camera, and other items that are out of the common knowledge of the jurors.

The admission of expert testimony on photographic comparisons in federal court date to

1970.  See United States v. Cairns, 434 F.2d 643, 644 (9th Cir. 1970).  Courts continued to allow such testimony post-Daubert.  See e.g., United States v. Lightfoot, 6 Fed. Appx. 181 (4th Cir. 2001) available at 2001 WL 301126 (affirming district court's admitting evidence from expert F.B.I. agent after Daubert hearing comparing items seized from defendant and those observed in bank surveillance photograph); United States v. Holmes, No. 00-cr-107 (D.S.C. Sept. 29, 2000) (Herlong, J., presiding) aff'd, 30 Fed. Appx. 302 (4th Cir. Mar. 21, 2002) (No. 00-4728) available at 2002 WL 440225 (affirming district court's admission of expert testimony of photographic comparisons between bank surveillance photographs and firearms found in during a search of the defendants' vehicle); United States v. Barton, No. 99-cr-740 (D.S.C. June 7, 2000)(Norton, J., presiding) aff'd, 6 Fed. Appx. 136 (4th Cir. Mar. 20, 2001) (No. 00-4454) available at 2001 WL 273168 (Judge Norton admitted expert testimony regarding photographic comparison testimony involving height examination and firearm comparisons); United States v. McClintock, available at 2006 WL 39241 (E.D. Pa. 2006) (permitting defense, after Daubert hearing, to present expert testimony on photographic comparison between bank robbery surveillance photographs and defendant); United States v. Rodriguez-Pacheco, 475 F.3d 434 (1st Cir. 2007) (where district court permitted F.B.I. questioned photograph examiner to testify as to whether an image was an actual child or "virtual" child porn); Cf. United States v. Martin, 46 Fed. Appx. 119 (3rd Cir. 2002) available at 2002 WL 1754443 (noting that Richard Vorder Bruegge testified as an expert examiner in photographic evidence to give opinion as to whether individual in surveillance photograph was defendant); United States v. Pierce, 136 F.3d 770 (11th Cir. 1998) (courts factual recitation notes that the district court permitted an F.B.I. expert analyst to testify that shoes worn by a bank robber and observed in surveillance video were similar to those recovered in the defendant's house though the expert could not identify the defendant as the robber); but see

United States v. Dorsey, 45 F.3d 809 (4th Cir. 1995)(affirming trial court's denying defendant's motion to use "forensic anthropologist" to testify as experts that individual in surveillance photograph was not defendant where defendant failed to satisfy Daubert prongs).

The United States believes the testimony meets the substantially low threshold to be relevant. The United States respectfully requests that the motion should be denied.

                                        RESPECTFULLY SUBMITTED,

                                        REGINALD I. LLOYD

                                        s/ TODD HAGINS
                                        Todd Hagins (Fed. ID. 9218)
                                        Assistant United States Attorney