IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal No: 1:06-611 |
| | ) | |
| V. | ) | |
| | ) | **PLEA AGREEMENT** |
| **JOHN HENRY STROMAN** | ) | |
| | ) | |

## General Provisions

This PLEA AGREEMENT is made this **8th** day of **May**, 2007, between the United States of America, as represented by United States Attorney REGINALD I. LLOYD, Assistant United States Attorney Todd Hagins; the Defendant, **JOHN HENRY STROMAN**, and Defendant's Attorney, Ken Matthews, Esquire.

IN CONSIDERATION of the mutual promises made herein, the parties agree as follows:

*Superseding*

1. The Defendant agrees to plead guilty to Count 1 of the Indictment now pending, which charges "Armed Bank Robbery of Enterprise Bank, the deposits of which were then insured by the Federal Deposit Insurance Corporation" a violation of Title 18, United States Code, §§ 2113(a) and (d).

In order to sustain its burden of proof, the Government is required to prove the following:

Count 1

(1) The defendant took money from the person of bank employees

while that money was in the care, custody, or possession of such bank;

(2) The taking was by force, violence and intimidation; and

(3) The defendant deliberately assaulted the bank employees and put the life of the bank employees in jeopardy by the use of a dangerous weapon or device while taking the money; and

(4) The deposits of the bank were then insured by the Federal Deposit Insurance Corporation.

The penalty for this offense is:

18 U.S.C. 2113(a)-a maximum term of imprisonment of twenty (20) years, a fine of $250,000, and a maximum term of supervised release of five (5) years, plus a special assessment of $100.

18 USC 2113(d) - a maximum term of imprisonment of twenty-five (25) years, a fine of $250,000 and a term of supervised release of not more than five (5) years in addition to any term of imprisonment, plus a special assessment of $100.00.

2. The Defendant agrees to provide detailed financial information to the United States Probation Office prior to sentencing. The Defendant further agrees to enter into the Bureau of Prisons Inmate Financial Responsibility Program if sentenced to a term of incarceration with an unsatisfied monetary penalty. The Defendant further understands and agrees that any monetary penalty imposed is not dischargeable in bankruptcy.

A. <u>Fines</u> The Defendant understands and agrees that the court may impose a fine pursuant to 18 U.S.C. §§ 3571 and 3572, which fine may be due and payable immediately after sentencing regardless of whether the Defendant has the money to pay the fine. In the event the Defendant does

not have the money, the Defendant understands and agrees that the court may establish a payment schedule, taking into account the Defendant's present and future means of earning money, or of obtaining money to pay the fine.

B. Restitution  The Defendant agrees to make full restitution under 18 U.S.C. § 3556 in an amount to be determined by the court at the time of sentencing, which amount is not limited to the count(s) to which the Defendant pled guilty, but will include restitution to each and every identifiable victim who may have been harmed by his/her scheme or pattern of criminal activity, pursuant to 18 U.S.C. § 3663.  The Defendant agrees to cooperate fully with the government in identifying all victims.  The Defendant understands and agrees that full payment of restitution is due immediately after sentencing unless the court provides, in the interest of justice, for payment on a date certain or in installments over the shortest time in which full payment can be reasonably made.  The Defendant further understands and agrees that the government will seek enforcement of any order of restitution, and reserves the right to petition the court at a later date to increase the amount of any installment payments toward restitution in the interest of justice.

C. Special Assessment  Pursuant to 18 U.S.C. § 3013, the Defendant must pay a special assessment of $100.00 for each felony count for which

he is convicted. This special assessment must be paid at or before the time of the guilty plea hearing.

3. Provided the Defendant complies with all the terms of this Agreement, the United States agrees to move to dismiss the remaining counts of the Superseding Indictment [and any other indictments under this number] at sentencing. The Defendant understands that the Court may consider these dismissed counts as relevant conduct pursuant to §1B1.3 of the United States Sentencing Guidelines.

4. The Defendant understands that the matter of sentencing is within the sole discretion of the Court and that the sentence applicable to Defendant's case will be imposed after the Court considers as advisory the United States Sentencing Commission Guidelines, Application Notes and Policy Statements, as well as the factors set forth in Title 18, United States Code, Section 3553(a). The Defendant also understands that Defendant's sentence has not yet been determined by the court, and that any estimate of a probable sentencing range Defendant may have received from Defendant's attorney, the Government or the United States Probation Office is only a prediction, not a promise, and is not binding on the Government, the Probation Office or the Court. The Defendant further understands that the Government retains the right to inform the Court of any relevant facts, to address the Court with respect to the nature of the offense, to respond

to questions raised by the Court, to correct any inaccuracies or inadequacies in the presentence report, to respond to any statements made to the Court by or on behalf of the Defendant and to summarize all evidence which would have been presented at trial to establish a factual basis for the plea.

5. The Defendant agrees that all facts that determine his offense level under the Guidelines and pursuant to any mandatory minimum (including facts that support any specific offense characteristic or other enhancement or adjustment) can be found by the court at sentencing by a preponderance of the evidence standard and the court may consider any reliable evidence, including hearsay. By executing this Agreement, the Defendant understands that he waives any argument that facts that determine his offense level under the Guidelines and pursuant to any mandatory minimum should be alleged in an indictment and found by a jury beyond a reasonable doubt.

6. The Defendant understands that the obligations of the Government within the Plea Agreement are expressly contingent upon the Defendant's abiding by federal and state laws and complying with the terms and conditions of any bond executed in this case.

7. In the event that the Defendant fails to comply with any of the provisions of this Agreement, either express or implied, it is understood

that the Government will have the right, at its sole election, to void all of its obligations under this Agreement and the Defendant will not have any right to withdraw his plea of guilty to the offense(s) enumerated herein.

## Cooperation and Forfeiture

8. The Defendant agrees to be fully truthful and forthright with federal, state and local law enforcement agencies by providing full, complete and truthful information about all criminal activities about which he has knowledge. The Defendant must provide full, complete and truthful debriefings about these unlawful activities and must fully disclose and provide truthful information to the Government including any books, papers, or documents or any other items of evidentiary value to the investigation. The Defendant must also testify fully and truthfully before any grand juries and at any trials or other proceedings if called upon to do so by the Government, subject to prosecution for perjury for not testifying truthfully. The failure of the Defendant to be fully truthful and forthright at any stage will, at the sole election of the Government, cause the obligations of the Government within this Agreement to become null and void. Further, it is expressly agreed that if the obligations of the Government within this Agreement become null and void due to the lack of truthfulness on the part of the Defendant, the Defendant understands that:

    a. the Defendant will not be permitted to withdraw his plea of guilty to the offenses described above;

     b.     all additional charges known to the Government may be filed in the appropriate district;

     c.     the Government will argue for a maximum sentence for the offense to which the Defendant has pleaded guilty; and

     d.     the Government will use any and all information and testimony provided by the Defendant in the prosecution of the Defendant of all charges.

9.    The Defendant agrees to submit to such polygraph examinations as may be requested by the Government and agrees that any such examinations shall be performed by a polygraph examiner selected by the Government. Defendant further agrees that his refusal to take or his failure to pass any such polygraph examination to the Government's satisfaction will result, at the Government's sole discretion, in the obligations of the Government within the Agreement becoming null and void.

10.    The Government agrees that any self-incriminating information provided by the Defendant as a result of the cooperation required by the terms of this Agreement, although available to the Court, will not be used against the Defendant in determining the Defendant's applicable guideline range for sentencing pursuant to the U.S. Sentencing Commission Guidelines. The provisions of this paragraph shall not be applied to restrict any such information:

     a.     known to the Government prior to the date of this Agreement;

- b. concerning the existence of prior convictions and sentences;

- c. in a prosecution for perjury or giving a false statement; or

- d. in the event the Defendant breaches any of the terms of the Plea Agreement.

11. Provided the Defendant cooperates pursuant to the provisions of this Plea Agreement, and that cooperation is deemed by the Government as providing substantial assistance in the investigation or prosecution of another person who has committed an offense, the Government agrees to move the Court for a downward departure or reduction of sentence pursuant to United States Sentencing Guidelines §5K1.1, Title 18, United States Code, § 3553(e) or Federal Rule of Criminal Procedure 35(b). The Defendant further understands that any such motion by the Government is not binding upon the Court, and should the Court sentence the Defendant within the Guidelines, to the maximum penalty prescribed by law or refuse to reduce the sentence imposed, the Defendant will have no right to withdraw his plea.

12. The Defendant agrees to voluntarily surrender to, and not to contest the forfeiture by, the United States of America of any and all assets and property, or portions thereof, owned or purchased by the Defendant which are subject to the forfeiture pursuant to any provision of law and which are in the possession or control of the Defendant or Defendant's nominees. The

Defendant further agrees to prevent the disbursement, relocation or encumbrance of any such assets and agrees to fully assist the government in the recovery and return to the United States of any assets, or portions thereof, as described above, wherever located. The Defendant further agrees to make a full and complete disclosure of all assets over which Defendant exercises control and those which are held or controlled by nominees. The Defendant further agrees to submit to a polygraph examination on the issue of assets if it is deemed necessary by the United States.

The Defendant agrees to forfeit all interests in the properties as described above and to take whatever steps are necessary to pass clear title to the United States. These steps include, but are not limited to, the surrender of title and the signing of any other documents necessary to effectuate such transfers. The Defendant agrees not to object to any civil forfeiture proceedings brought against these properties pursuant to any provision of law and the Defendant further understands that any such civil proceedings may properly be brought at any time before or after acceptance of Defendant's guilty plea in this matter and agrees to waive any double jeopardy claims he may have as a result of the forfeiture of these properties as provided for by this Agreement.

13. The Defendant represents to the court that he has met with his

attorney on a sufficient number of occasions and for a sufficient period of time to discuss the Defendant's case and receive advice; that the Defendant has been truthful with his attorney and related all information of which the Defendant is aware pertaining to the case; that the Defendant and his attorney have discussed possible defenses, if any, to the charges in the Indictment including the existence of any exculpatory or favorable evidence or witnesses, discussed the Defendant's right to a public trial by jury or by the Court, the right to the assistance of counsel throughout the proceedings, the right to call witnesses in the Defendant's behalf and compel their attendance at trial by subpoena, the right to confront and cross-examine the government's witnesses, the Defendant's right to testify in his own behalf, or to remain silent and have no adverse inferences drawn from his silence; and that the Defendant, with the advice of counsel, has weighed the relative benefits of a trial by jury or by the Court versus a plea of guilty pursuant to this Agreement, and has entered this Agreement as a matter of the Defendant's free and voluntary choice, and not as a result of pressure or intimidation by any person.

14. The parties hereby agree that this Plea Agreement contains the entire agreement of the parties; that this Agreement supersedes all prior promises, representations and statements of the parties; that this Agreement shall not be binding on any party until the Defendant tenders a

plea of guilty to the court having jurisdiction over this matter; that this Agreement may be modified only in writing signed by all parties; and that any and all other promises, representations and statements, whether made prior to, contemporaneous with or after this Agreement, are null and void.

5-8-07
DATE

JOHN HENRY STROMAN,
Defendant

5-8-07
DATE

KEN MATTHEWS
Attorney for the Defendant

REGINALD I. LLOYD
UNITED STATES ATTORNEY

May 8, 2007
DATE

BY: _____
Todd Hagins
Assistant U. S. Attorney

# U. S. DEPARTMENT OF JUSTICE
## Statement of Special Assessment Amount

This statement reflects your special assessment only. There may be other penalties imposed at sentencing. **This Special Assessment is due and payable at the time of the execution of the plea agreement**.

| ACCOUNT INFORMATION | |
|---|---|
| **CRIM. ACTION NO.:** | |
| **DEFENDANT'S NAME:** | |
| **PAY THIS AMOUNT:** | $100 |
| **PAYMENT DUE ON OR BEFORE:** | Date guilty plea is entered |

## MAKE CHECK OR MONEY ORDER PAYABLE TO:
*CLERK, U.S. DISTRICT COURT*

PAYMENT SHOULD BE MAILED OR HAND DELIVERED TO:

**Clerk, U.S. District Court**
**United States District Court**
**901 Richland Street**
**Columbia, SC 29201**
(Mon - Fri  9-4:30)

*INCLUDE DEFENDANT'S NAME ON CHECK OR MONEY ORDER  (**Do Not send cash**)*

*ENCLOSE THIS COUPON TO INSURE PROPER and PROMPT APPLICATION OF PAYMENT*